UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAYGIE MOORE,

        Plaintiff,                              CIVIL ACTION NO. 08-14365

       v.                                    DISTRICT JUDGE AVERN COHN

COMMISSIONER OF                    MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On October 14, 2008, Plaintiff Paygie Moore (Plaintiff) filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits (Dkt. 2). This matter is currently before the Court on cross-motions for summary judgment (Dkt. 11, 15).

### B. Administrative Proceedings

Plaintiff filed the instant claims on February 9, 2005, alleging a period of disability beginning on January 27, 2004 (Tr. at 17).[1] The claim was initially disapproved by the Commissioner on June 20, 2005 (Tr. at 17). Plaintiff requested a hearing and, on October 30, 2007, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) Joel G. Fina, who considered the case *de novo*. In a decision dated December 18, 2007, the ALJ found that Plaintiff was not disabled (Tr. at 25). Plaintiff requested a review of this decision on February 18, 2008 (Tr. at 7). On August 27, 2008, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review (Tr. at 2).

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II. STATEMENT OF FACTS

### A. ALJ Findings

Plaintiff was 49 years old at the time of the most recent administrative hearing (Tr. at 24). Plaintiff completed high school (Tr. at 79) and had prior work experience as an automotive

---

[1] Plaintiff filed a prior application for a period of disability and disability insurance benefits on December 3, 2001. This claim was denied by an Administrative Law Judge on January 24, 2004. The Appeals Council upheld this denial, and Plaintiff did not seek further judicial review. As such, this prior denial is final under the doctrine of *res judicata* and should not be subject to further review in this matter. See 20 C.F.R. § 404.987(a).

assembler (Tr. at 76). Plaintiff alleged asthma, arthritis in her hips and fingers, a bulging disc, a cyst in her back and neck, a partial rotator cuff (right) tear, neutropenia, sarcoidosis and a bleeding disorder as the alleged causes of her disability (Tr. at 75).

The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since January 24, 2004, the date of the prior decision denying her first disability application (Tr. at 19). At step two, the ALJ found that Plaintiff had the following "severe" impairments: major depression with underlying panic attacks, degenerative disc disease and dextro-scoliosis with bulging disks at the cervical and dorsal spine. *Id*. At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.*

The ALJ next found that Plaintiff had the residual functional capacity ( RFC ) "to perform light exertional work reduced by the ability to only occasionally use (sic) of ladder, stoop, crouch or to reaching overhead with the right upper extremities. She must avoid concentrated exposure to vibrations, do no repetitive bending, twisting, turning at the waist or neck, and perform work allowing a sit [or] stand option. [Plaintiff] may have no interaction with the public and only occasional interaction with coworkers" (Tr. at 21).

At step four, the ALJ found that Plaintiff could not perform her previous work as an unskilled automotive assembler, as this work is performed at the "medium" exertional level, which exceeds Plaintiff's RFC for no more than "light" work (Tr. at 23). At step five, the ALJ denied Plaintiff benefits, as the ALJ found, based on the testimony of a vocational expert, that Plaintiff could perform a significant number of jobs available in the national economy in the

"light" exertional range, such as assembler (9,000 jobs regionally) and inspector (4,700 jobs regionally) (Tr. at 23, 282-285).

### B. Parties' Arguments

#### 1. Plaintiff's Claims of Error

Plaintiff seeks a remand for further proceedings, arguing that the ALJ did not properly consider the effect of her "moderate" limitations in social functioning and concentration, persistence, and pace on her ability to work. Any other objections to the ALJ's decision have been waived, as Plaintiff did not raise them in her motion for summary judgment. *See, Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir.1989). Plaintiff's argument to this Court is, essentially, that the hypothetical question posed by the ALJ to the vocational expert did not properly account for the "moderate" restriction in Plaintiff's ability to maintain "concentration, persistence and pace," found by a state agency reviewing psychologist Leonard Balunas, Ph.D. Plaintiff acknowledges that the ALJ did find Plaintiff restricted in her ability to interact with the public and/or co-workers, but argues that these limitations have nothing to do with Plaintiff's ability to concentrate, which the ALJ found to be moderately limited.

#### 2. Commissioner's Counter-Motion for Summary Judgment

Defendant responds that Plaintiff's claim is without merit, and points out that Plaintiff fails to note that the ALJ's RFC assessment is fully consistent with Dr. Balunas' ultimate opinion. Defendant avers that – while Plaintiff makes much of the fact that Dr. Balunas checked boxes to indicate Plaintiff had "moderate" limitations in concentration, persistence, or pace – Dr. Balunas specifically translated this restriction in his opinion on Plaintiff's residual functional capacity, wherein he noted that "[Plaintiff] is able to perform unskilled work" (Tr. 168). In other

words, Dr. Balunas opined that, given Plaintiff's moderate limitations in concentration, persistence, or pace, as well as the other limitations imposed by her mental impairments – Plaintiff was nevertheless still capable of performing unskilled work. Thus, Defendant urges the Court to conclude that the ALJ's RFC assessment is fully consistent with Dr. Balunas' ultimate finding that Plaintiff's limitations would not preclude her from performing unskilled work.

### III.  DISCUSSION

#### A.  *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de*

*novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted).

### B.     Governing Law

The "[c]laimant bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). Benefits "are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir.

2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [her] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

      C.     *Analysis and Conclusions*

After review of the record, I conclude that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. Plaintiff's claim that the ALJ failed to adequately accommodate Dr. Balunas' "moderate" limitations on Plaintiff's ability to maintain concentration, persistence and pace is without merit. Importantly, even Dr. Balunas, the reviewer upon which Plaintiff's argument relies, determined that Plaintiff could in fact do the simple, unskilled work addressed by the ALJ in the hypothetical question. Therefore, there is no error.

Moreover, the factual scenario and argument presented in this case is strikingly similar to that in the recent decision in *Johnson v. Comm'r of Soc. Sec.*, 2009 WL 814509 (E.D. Mich., March 26, 2009). In *Johnson*, Magistrate Judge Morgan rejected an argument by the plaintiff that the ALJ failed to adequately account for an opinion from Dr. Balunas that the plaintiff was moderately restricted with respect to "concentration, persistence and pace." As in this case, Dr. Balunas also ultimately found that the plaintiff in *Johnson* could "do the simple, unskilled work addressed by the ALJ in the hypothetical question," thus, Magistrate Judge Morgan found no error in the ALJ's decision. Magistrate Judge Morgan's report and recommendation in *Johnson* was fully adopted by the District Court. This case is analogous to *Johnson*, and the result should be the same.

Substantial evidence supports the finding that Plaintiff could perform a range of light work and the decision denying benefits should be affirmed. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the Court would have decided the matter differently and even where substantial evidence supports an opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. After review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decision makers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                      S/Mark A. Randon  
                                                     Mark A. Randon  
                                                     United States Magistrate Judge

Dated: October 8, 2009

### Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 8, 2009, by electronic and/or ordinary mail.

                                                       s/Melody R. Miles  
                                                     Case Manager to Magistrate Judge Mark A. Randon